(V. D. 84)

CLARENCE S. HOLMES *v.* UNITED STATES

Entry Nos. 05–2103; 05–2440.

(Decided October 10, 1958)

*Lawrence & Tuttle* (*Hadley S. King* of counsel) for the plaintiff.
*George Cochran Doub,* Assistant Attorney General (*Henry J. O'Neill,* trial attorney), for the defendant.

JOHNSON, Judge: This matter comes before me pursuant to a remand from classification proceedings (*Clarence S. Holmes* v. *United States,* 37 Cust. Ct. 260, C. D. 1833), wherein judgment was rendered, ordering the matter "remanded to a single judge to determine the proper dutiable value of the merchandise involved herein, as provided by 28 U. S. C. § 2636 (a)."

At the trial, counsel for the respective parties stated:

MR. KING: This case involves the remand of a protest that was decided on the protest side of the court, and the court held that the machine in question consisted of a machine itself, and secondly, an electric motor, and that the appraisement was null and void for that reason, and remanded the case to the single judge under Section 501 of the Tariff Act to find a separate value for the machine and for the electric motor.

We offer to stipulate that the merchandise involved was exported from Canada. It consists of a certain blower with an electric motor, and a feeder with an electric motor. There are two entries involved. In the case of entry 2103, of November 3, 1952, we offer to stipulate that on or about the date of exportation such or similar merchandise was not freely offered for sale for home consumption in Canada, nor for exportation to the United States; that on or about the date of exportation such or similar imported merchandise was not freely offered for sale in the principal markets of the United States.

We further offer to stipulate that the cost of production, as such cost of production is defined in Section 402 of the Tariff Act, is as follows: For the blower, Canadian funds $818.60 each; for the motor, Canadian funds, $317.25 each.

Similarly, we offer to stipulate that in the case of entry 2440, the cost of production, as defined in Section 402 (f), for the blower is Canadian funds $778.86 each, and for the motor, Canadian funds, $317.25 each.

On the same entry, there is an item described as a 9 inch feeder, and the cost of production as defined in Section 402 (f) for the feeder is Canadian funds, $1,191.30; for the motor, Canadian funds, $85. each.

MR. O'NEILL: After conferring with the examiner, the Government so agrees.

On the agreed facts, I find that cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, is the proper basis for the determination of the value of each of the items involved herein and that such values are as follows:

| Entry 2103: | Blower, Canadian $818.60 | each |
| | Motor, Canadian $317.25 | " |
| Entry 2440: | Blower, Canadian $778.86 | " |
| | Motor, Canadian $317.25 | " |
| | 9-inch feeder, Canadian $1,191.30 | " |
| | Motor, Canadian $85.00 | " |

Judgment will be rendered accordingly.